United States District Court
Southern District of Texas
**ENTERED**
May 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 90-226 |
| | § | |
| JUAN ANTONIO CONTRERAS | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Juan Antonio Contreras, a federal prisoner confined at Butner FCI, filed the pending *pro se* second motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 208.) The Government filed a response and exhibits in opposition (Docket Entry No. 210), to which defendant filed a reply (Docket Entry No. 212).

Having considered the motion, the Government's response and exhibits, defendant's reply, a letter submitted on behalf of defendant by a family member, the record, and the applicable law, the Court **DENIES** the second motion for a compassionate release for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

In the late night of January 10, 1990, defendant, an armed on-duty Laredo police officer, abducted and forcibly sexually assaulted the complainant in his police vehicle. The complainant reported the assault, and defendant was indicted in state court for the offense. To thwart the criminal prosecution, defendant enlisted the help of two acquaintances to find and murder the complainant. However, the FBI intervened and foiled the scheme. Defendant was charged in this Court with six criminal counts, including depriving the

complainant of her civil rights under color of law and causing bodily injury, witness tampering, and using and carrying a firearm during and in relation to a crime of violence. The case proceeded to trial and the jury convicted defendant on all six counts. The Court sentenced him in 1990 to six consecutive statutory maximum terms of imprisonment on each count for a total prison sentence of sixty-one years. The convictions and sentences were affirmed on appeal in 1991, and defendant's ensuing motion for relief under section 2255 was denied in 1998. Defendant's subsequent motions for authorization to file a successive section 2255 motion were denied by the United States Court of Appeals for the Fifth Circuit in 2016 and 2021.

With the assistance of appointed counsel, defendant filed his first motion for compassionate release in June 2020, arguing that his medical conditions, Bureau of Prisons ("BOP") COVID-19 policies, sentencing considerations, and changes in the law constituted extraordinary and compelling circumstances warranting his release from prison thirty years early. The Court denied the motion, and the Fifth Circuit Court of Appeals affirmed the ruling on October 8, 2021.

Proceeding *pro se*, defendant filed the instant second motion for compassionate release on December 18, 2022. He again seeks relief based on his medical conditions, BOP COVID-19 policies, changes in the criminal law, and sentencing considerations. Defendant's brother has submitted a letter stating that he is willing and able to provide

living arrangements and care for defendant should he be released. Defendant states that he has served 32 years of his 61-year sentence.

## II. LEGAL STANDARDS

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. To qualify for a compassionate release, a prisoner must show that: (1) "extraordinary and compelling reasons" justify a sentence reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) early release is consistent with the sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. 3582(c)(1)(A); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). When a prisoner files a compassionate release motion with the district court, the Sentencing Commission's current policy statement is not binding on the court. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).

The first prong requires a prisoner to show that he "faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner that leads irresistibly to the conclusion that this prisoner has a singular and remarkable need for early release." *United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023) (cleaned up). The defendant bears the burden of showing that his circumstances meet the test for compassionate release. *United States v. Hudec*, 2020 WL 4925675, at *3 (S.D. Tex. Aug. 19, 2020); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

3

However, a prisoner cannot challenge the legality or the duration of his sentence through a motion for compassionate release. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court may reduce the defendant's sentence after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (cleaned up) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The decision whether to grant relief is within the district court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir 2020). Although the district court must provide a reason for its denial of a prisoner's compassionate release motion, *id.*, "a district court may deny relief under § 3582(c) by stating that the § 3553(a) factors do not favor relief, or alternatively, that the movant's proffered grounds for relief are not extraordinary and compelling." *McMaryion*, 64 F.4th at 263.

The statutory provision requires a defendant to fully exhaust BOP administrative remedies prior to seeking a compassionate release in federal court. 18 U.S.C. § 3582(c)(1)(A). The Government in this case does not dispute that defendant exhausted his administrative remedies prior to bringing his motion and has not raised as a defense failure to exhaust.

## III. ANALYSIS

A. <u>Extraordinary and Compelling Reasons – Medical</u>

Defendant, who is presently 62-years of age, argues that he has numerous chronic medical conditions, including type 2 diabetes, coronary atherosclerosis, high blood pressure, hyperlipidemia, reflux, glaucoma, osteoarthritis, post traumatic stress disorder, angina pectoris, and lateral epicondylitis enthesopathy (damage to elbow connective tissue due to overuse or injury). He was given a rolling walker to aid mobility and receives assistance in such non-personal care activities as carrying meal trays and maintaining his cell. (Docket Entry No. 208, p. 2.) He complains that modified BOP COVID-19 protocols limit recreational activities, educational and religious programs, and library access, and cause delays in medical appointments. The Government has submitted approximately 700 pages of medical records establishing defendant's medical conditions, care, and treatment.

Defendant raised these and related complaints in his first motion for compassionate release, and argues here that the continuation of these limitations, and worsening of some of his medical conditions, constitute extraordinary and compelling reasons for his immediate release from prison. The Court has carefully reviewed the voluminous medical records submitted by the Government and finds that defendant remains able to provide self-care, is ambulatory with or without use of a walker, and is being provided necessary medical care and treatment for his chronic conditions. Moreover, defendant was diagnosed with, and recovered from, a COVID-19 infection in March 2020. No significant changes or

deterioration in his conditions are shown following his first motion, and no extraordinary and compelling reasons for his release from prison are shown.

The BOP continues to provide defendant appropriate and timely medical care, and continues to take steps to minimize the risk of COVID-19 infections in the prisoner populations. Defendant does not show an increased risk of serious illness or death from COVID-19 due to his confinement at Butner FCI. Although defendant expresses legitimate and common concerns regarding COVID-19, he does not establish that his facility cannot manage an outbreak or that the facility could not treat him if he were to contract a second infection. This Court has in other cases expressed concerns with the potential for COVID-19 infections in state and federal prisons and facilities. In this instance, however, defendant does not show that his facility has failed to take appropriate precautions or is in any other way remiss in its efforts to address COVID-19. Indeed, he complains that the BOP's policies and regulations for limiting the spread of COVID-19 continue to impact his access to activities and programs. Although defendant's educational classes, vocational pursuits, favorable prison record, rehabilitative efforts, and allegations of remorse are to be commended, they do not constitute extraordinary and compelling reasons for reducing his sentence by nearly thirty years.

Defendant has not shown that he is at an increased or specific risk of being re-infected with COVID-19, is unable to guard properly against infection while incarcerated, or has any underlying health issues that may warrant compassionate release in light of

COVID-19. In short, no extraordinary and compelling reasons for a compassionate release are shown, and defendant is not entitled to an immediate release from prison.

    B.    <u>Extraordinary and Compelling Reasons – Changes to Section 924(c)</u>

Defendant argued in his first motion for compassionate release, and reiterates here, that non-retroactive statutory changes to section 924(c) regarding minimum and stacked sentences would result in a decreased sentence if he were sentenced today. He contends that this constitutes extraordinary and compelling reasons to grant relief. The Court rejected this argument in denying defendant's first motion.

Defendant now argues that, under *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389 (2022), the Court may consider whether non-retroactive changes in the law constitute extraordinary and compelling reasons for granting compassionate release. Defendant misconstrues *Concepcion*. In *Concepcion*, the Supreme Court of the United States held that, once extraordinary and compelling reasons for granting compassionate release are found, the court can consider retroactive and non-retroactive changes in the law at re-sentencing. *Concepcion* affords defendant no basis for relief here. As recently held by the Fifth Circuit Court of Appeals, "A prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *McMaryion*, 64 F.4th at 259.

No extraordinary and compelling reasons for a compassionate release are shown under this argument, and defendant's second motion is **DENIED**.

C. <u>Extraordinary and Compelling Reasons – Unconstitutional Convictions</u>

Defendant next contends that his convictions under 18 U.S.C. § 924(c) would be infirm today under *United States v. Davis*, ___U.S. ___, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022). He claims that his convictions under the residual clause of section 924(c) are unconstitutional, and that the Court can consider the issue in context of this compassionate release motion pursuant to the Supreme Court's decision in *Concepcion*.

Again, defendant misapplies *Concepcion*. A district court may consider reducing a prisoner's sentence under section 3582(C)(1)(A) only if it first finds extraordinary and compelling reasons for granting a compassionate release. This Court has found no such reasons for granting release. *Concepcion* does not hold that the unconstitutionality of a conviction stands as extraordinary and compelling reasons for granting a compassionate release.

Moreover, the Fifth Circuit Court of Appeals has clarified that "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence," holding that, "because [the federal prisoner's claims] would have been cognizable under § 255, they are not cognizable under § 3582(c)." *Escajeda*, 58 F.4th at 187–88; *see also McMaryion*, 64 F.4th at 259 (same). Defendant's constitutional challenges to the validity of his convictions are cognizable under section 2255 and cannot be raised in context of this motion for compassionate release.

8

The Court declines to construe the instant motion as one brought under section 2255, because the motion would constitute an unauthorized successive section 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (finding that district court properly dismissed second or successive claim). Indeed, the Fifth Circuit has already denied defendant leave to file a successive section 2255 motion predicated on *Davis*. *See In re: Juan Antonio Contreras*, No. 20-20310 (5th Cir. Jan. 13, 2021). Moreover, *Taylor* has no application to defendant's convictions, as he was not convicted of attempted Hobbs Act robbery or any other attempted criminal offense.

Defendant's motion for compassionate release premised on his purportedly infirm convictions is **DENIED**.

D. Sentencing Factors

Because no extraordinary and compelling reasons for granting defendant a compassionate release have been found, the Court need not address the applicable sentencing factors set forth under 18 U.S.C. § 3553(a). *See Jackson*, 27 F.4th at 1093 n.8; *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021). However, even assuming the Court were to consider the applicable sentencing factors, the factors would weigh heavily against reducing defendant's sentence by nearly thirty years.

In his second motion and response, defendant emphasizes that, in denying his first motion for compassionate release, the Court found that he was not a danger to the community. The Court finds no reason to review that finding at this point. However, in denying defendant's first motion, the Court also analyzed in depth the applicable sentencing factors and the facts surrounding his six criminal offenses, and found that any factors weighing in favor of early release were greatly outweighed by factors supportive of continued detention. These factors included the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment; the need for deterrence and to avoid sentencing disparities; defendant's history and characteristics; and defendant's failure to timely accept responsibility for his criminal conduct.

These facts underlying defendant's criminal offenses have not changed, and they remain relevant here. Defendant committed a violent sexual assault while on duty as a police officer, then conspired to murder the victim to keep her from testifying against him. He took substantial steps to commit the murder, and was stopped only by the FBI's intervention. In this pending second motion, defendant proffers additional information regarding his completion of educational classes, participation in prison activities, and favorable disciplinary record. Nonetheless, defendant's accomplishments as a prisoner, while laudable, are insufficient to support a finding that early release would be appropriate

in his case. Consideration of the applicable sentencing factors continues to weigh heavily against an early release under 18 U.S.C. § 3582(C)(1)(A).

E. Request for Appointment of Counsel

Defendant moves for appointment of counsel "to assist this court in the collection of and accuracy of [his medical records]." (Docket Entry No. 208, p. 2.)

The record shows that the Government submitted for the Court's consideration approximately 700 pages of medical records covering defendant's medical conditions, treatment, and care. (Docket Entry No. 210, sealed.) Defendant did not object to the records as filed, nor did he argue in his reply that the records were inaccurate or incomplete. (Docket Entry No. 212.) No need for, or entitlement to, appointment of counsel is shown, and defendant's request for appointment of counsel is **DENIED**.

## IV. CONCLUSION

Defendant's second motion for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 208) is **DENIED WITH PREJUDICE**.

Signed at Houston, Texas, on this the 17th day of May, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE